UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| CURTIS ALLEN PICKETT, | ) | |
| Petitioner, | ) ) ) | No. 11-CV-140-HRW |
| vs. | ) ) ) | **MEMORANDUM OPINION** |
| "X." SCHUMAN, *Acting Warden*, | ) ) | **AND ORDER** |
| Respondent. | ) ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Curtis Allen Pickett, confined in the Federal Correctional Institution in Ashland, Kentucky, ("FCI-Ashland"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [D. E. No. 1], and has paid the $5.00 habeas filing fee. [*Id*.]. For the reasons set forth below, Pickett's § 2241 petition will be dismissed without prejudice to his filing a proper civil rights action.

Pickett alleges that he has developed an allergic skin condition, an outbreak of bumps and knots on his face and neck, from exposure to certain clothes-cleaning chemicals used in the prison laundry. He seeks permission to use special detergent for his sensitive skin and to wash his clothes separately from other FCI-Ashland inmates. *See* Informal Resolution Request, [D. E. No. 1-1, p. 1]. He also asks to be examined by an outside skin specialist. [*Id.*]. Thus, he asserts claims under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment.

When a federal prisoner challenges the execution of his sentence, *i.e.*, the Bureau of Prisons' ("BOP") calculation of sentence credits or other issues affecting the length of his sentence, he may file a § 2241 petition filed in the district where he is incarcerated. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *see also, Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). But Pickett is not challenging the execution of his sentence; he instead challenges specific conditions of his confinement at FCI-Ashland ( harmful exposure to laundry chemicals and the denial of proper medical treatment for his skin condition) and seeks injunctive relief (accommodations for his laundry practices and an examination by an outside skin specialist).

When a prisoner files a habeas petition asserting claims which should be raised in a civil rights action, the district court must deny the petition without prejudice to allow the prisoner to assert the claims under the proper method. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). Thus, Pickett cannot seek relief from the conditions of his BOP confinement in this § 2241 petition. *Martin*, 391 F.3d at 714. He must instead file a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and either pay the $350.00 filing fee or seek pauper status. Prior to filing a *Bivens* action asserting his Eighth Amendment medical claims, Pickett must have fully completed the BOP's administrative remedy process.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Curtis Allen Pickett's 28 U.S.C. § 2241 petition, [D. E. No. 1], is **DENIED**;

(2) This proceeding is **DISMISSED WITHOUT PREJUDICE** to Pickett's filing a civil rights action under 28 U.S.C. § 1331; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, "X." Schuman, Acting Warden of FCI-Ashland.

This 18th day of January, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge